<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KYLE JAMEEL WIGGINS,<br><br>   Plaintiff,<br><br>  v.<br><br>SIERRA ANDERSON *et al.*,<br><br>   Defendants. | No. 24cv11481 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Kyle Jameel Wiggins brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Sierra Anderson, Dahlia Hall, and Bahama Breeze (collectively "Defendants"). D.E. 1 ("Complaint" or "Compl."). Along with his Complaint, Plaintiff submitted an *in forma pauperis* ("IFP") application. D.E. 1-1. Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** ***without prejudice*** Plaintiff's Complaint for failure to state a claim.

## I.  BACKGROUND[1]

At the time of the incident, Plaintiff, Anderson, and Hall were employed by Bahama Breeze restaurant located in Wayne, New Jersey. Compl. at 2-4. [2] Plaintiff alleges that on May 11, 2022, at around 5:00 PM, Anderson called Plaintiff "a ni****" twice in front of "two managers, Tyler and Erica, guest and employees." *Id.* at 6. Later, Plaintiff alleges Anderson and Hall made

---

[1] Except where otherwise noted, this section derives from Complaint's well-pled factual allegations, presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Court uses the PageID page numbers for clarity.

accusations against him that resulted in him being fired. *Id.* As a result of his termination, Plaintiff lost his apartment and became homeless for several months. *Id.* at 7. Plaintiff has spent over $10,000 in costs associated with his move. *Id.*

## II.    LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3] A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325(1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

---

[3] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

*Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

## III.    ANALYSIS

### A.    The Court Will Grant Plaintiff's IFP Application

Having reviewed Plaintiff's IFP application, the Court determines that Plaintiff "establish[ed] that he is unable to pay the costs of his suit."  *Walker*, 886 F.2d at 601.  Plaintiff states in his IFP application that he has monthly expenses of approximately $1,475 and zero assets. D.E. 1-1 at 4-5.  Plaintiff also states he was terminated from his job in November 2024 and has no current source of income.  *Id.* at 5.  Therefore, the Court will **GRANT** Plaintiff's IFP application.

### B.    Plaintiff Does Not Adequately Allege That He Timely Filed His Complaint with the EEOC

As a threshold matter, Plaintiff does not clearly allege that he timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  To bring suit under Title VII, a plaintiff must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e–5(e)(1).  Although Plaintiff checked the box on the Complaint that the EEOC issued a Notice of Right to Sue letter, he does not state when he received the letter, or when he filed his complaint with the EEOC.  Compl. at 6.  In an amended complaint, Plaintiff must make clear whether he filed his complaint with the EEOC within 300 days of the incident giving rise to the Complaint (presumably May 11, 2023).

### C.    Plaintiff Fails to State a Claim

Under Title VII:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a).

It appears Plaintiff is alleging both wrongful termination based on racial discrimination and retaliation against Defendants under Title VII. *See* Compl at 5. Because Plaintiff fails to allege sufficient facts to sustain either claim, the Court will **DISMISS** the Complaint ***without prejudice***.

#### 1.    *Wrongful termination*

To prevail on a wrongful termination discrimination claim, the plaintiff must show he (1) is a member of a protected class, (2) was discharged, (3) was qualified for the job, and (4) was replaced by someone outside of the protected class or that persons outside the protected class were treated more favorably in a manner that gives rise to an inference of discrimination. *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318-19 (3d Cir. 2000). However, "a discrimination plaintiff does not need to affirmatively plead all of the prima facie elements of a discrimination claim, because, if direct evidence of discrimination is discovered, the plaintiff might not need to prove each of those elements at trial." *Doe v. Triangle Doughnuts, LLC*, 472 F. Supp. 3d 115, 135-36 (E.D. Pa. 2020) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). At the pleading stage,[4] a discrimination plaintiff needs only to allege "enough facts to raise a reasonable

---

[4] As previously noted, the Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *Supra* at 2 n. 3. However, because the standard to dismiss a claim under 1915(e)(2)(B) is a standard identical to the one utilized for motions to

expectation that discovery will reveal evidence of [the claim's] necessary element[s]." *Id.* at 136 (quoting *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)).

Plaintiff states in the Complaint that he is African American, and therefore is a member of a protected class. Compl. at 6. He also alleges that he was fired from his job at Bahama Breeze. *Id.* Although Plaintiff alleges facts that support the first two elements of a wrongful termination claim, he does not address his qualifications for his job or whether he was replaced by someone outside of the protected class or that persons outside the protected class were treated more favorably in a manner that gives rise to an inference of discrimination. Plaintiff may bolster his allegations in an amended complaint.

     2.    *Retaliation*

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *Selvato v. SEPTA*, 658 F. App'x 52, 56 (3d Cir. 2016); *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995).

With respect to the first element, "protected activity," the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings (the "participation clause") and those who oppose discrimination made unlawful by Title VII (the "opposition clause"). *Moore*, 461 F.3d at 341 (citing *Slagle v. County of Clarion*, 435 F.3d 262, 266 (3d Cir. 2006)). Regarding the second element, a plaintiff claiming retaliation "must show that a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have

---

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Tourscher*, 184 F.3d at 240, the Court applies the above test here.

dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* at 341 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Finally, to establish the third element, "a plaintiff must show a causal connection between the plaintiff's opposition to, or participation in proceedings against, unlawful discrimination and an action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 341-42.

Construing the Complaint liberally, Plaintiff alleges he was terminated from Bahama Breeze after Defendants Hall and Anderson made false accusations about him. Compl. at 6. However, Plaintiff fails to plead facts in support of prongs one and three. Plaintiff does not state what protected activity he engaged in.[5] He also does not allege a causal connection between the protected activity and a connection to his termination. Plaintiff may amend his Complaint to include allegations concerning the protected activity he engaged in and how that connects to his termination. In other words, Plaintiff must identify what harassment a reasonable jury could link to a retaliatory animus. *Jensen v. Potter,* 435 F.3d 444, 449-50 (3d Cir. 2006).

## IV.    CONCLUSION

For the reasons above, the Court will **GRANT** Plaintiff's IFP Application, D.E. 1-1, and **DISMISS** the Complaint *without prejudice*. Plaintiff will be given **45 days** to file an amended complaint that cures the deficiencies as set forth above. An appropriate Order accompanies this Opinion.

---

[5] Plaintiff checked the box that the EEOC issued a Notice of Right to Sue letter. Compl. at 6. If Plaintiff's EEOC complaint is the protected activity for which he was retaliated against, Plaintiff should make that clear in an amended complaint. Plaintiff may also attach a copy of the letter to an amended complaint.

February 3, 2025
Date

Evelyn Padin, U.S.D.J.